IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ANTHONY LOGAN BARRETT                                                              PLAINTIFF

v.                                           Civil No. 2:20-CV-02025

SHERIFF RON BROWN                                                                  DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendant's Motion for Summary Judgment. (ECF Nos. 27-29).

**I. BACKGROUND**

Plaintiff filed his complaint on February 27, 2020. (ECF No. 1). His application to proceed *in forma pauperis* (IFP) was granted that same day pursuant to the Prison Litigation Reform Act ("PLRA"). (ECF No. 3). On April 2, 2020, the Court ordered Plaintiff to file an Amended Complaint, which he did on April 8, 2020. (ECF Nos. 6, 7). Plaintiff is currently incarcerated in the Oklahoma State Reformatory in Granite, Oklahoma. Plaintiff alleges his constitutional rights were violated by Defendant during his incarceration in the Crawford County Justice Center ("CCJC") in Crawford County, Arkansas. (ECF No. 7).

Plaintiff alleges his right to practice his religion of Islam was violated on January 30, 2020. (ECF No. 7 at 4). He also alleges that on February 7, 2020, he was exposed to a deadly disease when was put in a cell with a man who had HIV and TB. (ECF No. 7 at 6).

1

First, Plaintiff alleges that his First Amendment right to practice his religion was violated because the Defendant failed to provide him with a Quran or Kosher meals. (ECF No. 7 at 4). He claims the library provides Bibles for Christian inmates but does not provide the Quran for Muslim inmates. (*Id.*). He acknowledges that a pocket-sized Quran was placed for sale in the commissary, but he alleges he should not have to pay for a Quran when others do not have to pay for Bibles. (ECF. No. 9 at 1). He states that the staff claimed the facility is a Kosher facility, but he was offered bologna and vegan meals. (ECF No. 7 at 4). He also alleges that although the kitchen provides vegan meals, they are not true Kosher meals. (ECF No. 7 at 5).

Second, Plaintiff alleges that he was exposed to deadly diseases when he was placed in the same holding unit with a man who claimed to have HIV and TB. (ECF No. 7 at 5). Plaintiff claims that during this time he had an open wound in his mouth, and he had yet to receive an HIV or TB test even though he had requested them. (*Id.*). Plaintiff claims that placing an inmate who claims to have TB in a unit that is not quarantined is dangerous to the other inmates at the facility. (ECF No. 7 at 6).

Plaintiff proceeds against Defendant in his official capacity for both claims. (ECF No. 7 at 4-5). He seeks compensatory damages. (ECF No. 7 at 7).

Defendant filed a Summary Judgment Motion on November 19, 2020. (ECF Nos. 27-29). On November 20, 2020, the Court entered an Order directing Plaintiff to file a Response to the Motion. (ECF No. 31). Plaintiff filed his Response on December 16, 2020. (ECF No. 32).

## II.  LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.  ANALYSIS

#### A.  Denial of Quran and Kosher Meals

Plaintiff claims his First Amendment rights were violated when the Defendant failed to provide him with a Quran and Kosher meals. (ECF No. 7 at 4).

Inmates retain protections under the First Amendment, including its directive that no law shall prohibit the free exercise of religion. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "The free exercise right is limited insofar as a prisoner's adherence to religious practices may be regulated by prison authorities, so long as such regulations are 'reasonably related to legitimate penological interests.'" *Murphy v. Carroll*, 202 F. Supp. 2d 421, 424 (D. Md. 2002) (quoting *Turner v. Safely*, 482 U.S. 78, 89 (1987); *O'Lone*, 482 U.S. at 348–349; *Cruz v. Beto*, 405 U.S. 319, 321-22 (1972). Under the Free Exercise Clause, a Plaintiff must first raise a material question

3

of fact regarding whether a substantial burden was placed on his ability to practice his religion. *Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997). A substantial burden "must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion." *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 813 (8th Cir. 2008). Providing a prisoner with the opportunity to purchase an item for his religious practice does not restrict the prisoner from practicing his religion. *Id.* at 811.

Here, Plaintiff claims his First Amendment rights were violated when the Defendant failed to provide him with a copy of the Quran. Crawford County Justice Center's policy provides religious texts free of charge only when these texts are donated; otherwise, they are available for purchase through the commissary. Plaintiff was not denied religious texts because a Quran was made available to him for purchase through the commissary. Additionally, Plaintiff did receive a Quran as soon as one was donated.

For a First Amendment claim based on failure to provide a prisoner with Halal meat to succeed, a prisoner must show that the defendant placed a substantial burden on his ability to practice his religion. *Pratt v. Corrections Corp. of Am.*, 267 F. App'x 482, 482-84 (8th Cir. 2008). The Eighth Circuit has held that a prison's meal plan regulations do not substantially burden a Muslim inmate's free exercise rights where the inmate had access to only vegetarian entrees. *See Patel*, 515 F.3d at 814 (finding that a Muslim prisoner's ability to practice his religion was not substantially burdened when he had access to vegetarian entrees, and some of those entrees he had to pay for himself); *Pratt*, 267 F. App'x at 482-83 (no claim under First Amendment, RFRA or RLUIPA when Muslim inmate provided vegetarian meals with no access to Halal meat). Other

circuits have held that a prisoner who receives vegetarian or vegan meals that do not violate his religion is not entitled to be served Kosher or Halal entrees. *See Robinson v. Jackson*, 615 F. App'x 310 (6th Cir. 2015); *Lineham v. Crosby*, 346 F. App'x 471 (11th Cir. 2009); *Williams v. Morton*, 343 F.3d 212 (3d Cir. 2003); *Abdullah v. Fard*, 173 F.3d 854 (6th Cir. 1999).

Here, Plaintiff was provided with vegan meals as well as meals that meet the standard approved by the Chicago Rabbinical Council.[1] Plaintiff does not show that he was substantially burdened by having to eat vegan meals. Even if Plaintiff was not provided with meals that met the Chicago Rabbinical Council Standard, the availability of vegan or vegetarian meals is sufficient to show that Plaintiff was not substantially burdened. Plaintiff's access to vegan or vegetarian entrees does not substantially burden his free exercise rights.

Plaintiff fails to show his ability to practice his religion has been substantially burdened when a Quran was available for purchase in the commissary, and he was provided with a free Quran when a copy was donated. Additionally, Plaintiff fails to show his ability to practice his religion has been substantially burdened when he was provided with vegetarian and vegan meal options. There is no question of material fact that Plaintiff was provided with vegetarian or vegan meal options, had the option of purchasing a Quran, and was provided with a free Quran as soon as one came available. Summary judgment in Defendant's favor on this claim is appropriate.

### B. Exposure to Tuberculosis and HIV

Plaintiff next alleges he was exposed to deadly diseases when he was placed in a holding unit with a man who claimed to have HIV and TB. (ECF No. 7 at 5). More specifically, Plaintiff alleges he was placed in a holding unit with a man who claimed to have HIV and TB while Plaintiff

---

[1] Companies successfully certified by the Chicago Rabbinical Council are provided with a document certifying that the products used are kosher-certified. A Basic Overview of Kosher, https://crckosher.org/a-basic-overview-of-kosher/ (last visited April 22, 2021).

had an open wound in his mouth, and that he was denied medical testing for TB and HIV when requested. (*Id.*).

Eighth Amendment claims consist of both an objective and a subject element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (citing *Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels*, 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). As is the case with all Eighth Amendment claims, a prisoner must suffer some actual injury to receive compensation, and the injury must be greater than *de minimis*. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008).

Here, Plaintiff alleges that he was put into a pod with a man who claimed to have TB and HIV when he asked not to be placed there. Although Plaintiff alleges he may have been exposed to TB and HIV, the summary judgment record shows Plaintiff never actually contracted either TB or HIV. Vague statements that Plaintiff was exposed to TB and HIV are insufficient to raise a question of material fact concerning an alleged exposure to either disease. *See McLanahan*, 2016 WL 520983, at *6 (citing *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015). There is no evidence that shows Plaintiff was injured by TB or HIV.

There is no genuine issue of material fact concerning Plaintiff's claim that he was exposed to TB or HIV when he was placed in a holding unit with a man who claimed to have TB and HIV, and Defendant is entitled to summary judgment on this claim as a matter of law.

## IV. CONCLUSION

Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 27) be **GRANTED**, and that Plaintiff's Amended Complaint (ECF No. 7), as supplemented (ECF Nos. 8, 9, 12, 15, 17, 18, 21), be **DISMISSED WITH PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of April 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE